**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Lighthouse Resources Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | Ambre Energy North America, Inc.; AE Group Holdings, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 27-3184713 |

**4. Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 10980 South Jordan Gateway, South Jordan UT, 84095 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Salt Lake County | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)    https://lighthouseresourcesinc.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Lighthouse Resources Inc.**                          Case number (*if known*) _____
Name

**7.** **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    2131

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | _____ | | _____ | | _____ | |
| | District _____ | | When _____ | | Case number _____ | |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes.

Debtor   See attached Rider                                 Relationship _____

District _____   When _____   Case number, if known _____

Debtor    **Lighthouse Resources Inc.**                                     Case number (*if known*) _____
          Name

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
        Contact name   _____
        Phone          _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**    .    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Lighthouse Resources Inc.** | Case number (*if known*) | |
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/03/2020
          MM / DD / YYYY

**X**   */s/ Darin T. Adlard*              Darin T. Adlard
      Signature of authorized representative of debtor       Printed name

Title    Vice President of Finance, Lighthouse Resources Inc.

---

**18. Signature of attorney**

**X**   */s/ L. Katherine Good*          Date   12/03/2020
      Signature of attorney for debtor           MM / DD / YYYY

**L. Katherine Good**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-984-6000**      Email address   **kgood@potteranderson.com**

**5101 DE**
Bar number and State

**RIDER**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of debtor Lighthouse Resources Inc.

1. Lighthouse Resources Inc.

2. LHR Coal, LLC

3. KCP, Inc.

4. Big Horn Coal Company

5. Rosebud Coal Sales Company

6. KCP Properties, Inc.

7. Decker Holding Co., LLC

8. Decker Coal Company, LLC

9. Montana Royalty Holdings, LLC

10. LHR Infrastructure, LLC

11. Millennium Bulk Terminals-Longview, LLC

12. Barlow Point Land Company, LLC

13. Columbia Land Co., LLC

14. Gulf States Bulk Terminal, LLC

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF LIGHTHOUSE RESOURCES INC.

December 2, 2020

THE UNDERSIGNED, being all of the members of the Board of Directors (the "Board") of Lighthouse Resources Inc., a Delaware corporation (the "Corporation"), do hereby waive notice for a meeting and hereby consent to the adoption of the following resolutions, which resolutions are adopted as of the date on which the last director's signature is obtained and shall have the same force and effect as if such resolutions were adopted by unanimous vote of the Board at a duly convened meeting held for such purpose, all in accordance with Section 141(f) of the general corporation law of Delaware:

WHEREAS, the Board has considered presentations by the management and the financial and legal advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business;

WHEREAS, the Board has considered the financial and operational aspects of the Corporation's business and the recommendations of the Corporation's professionals and advisors and has deemed it desirable and in the best interest of the Corporation, its creditors, stockholders, and other interested parties that a petition (the "Petition") be filed by the Corporation seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, the Board has received a copy of the Petition and discussed it with the Corporation's professionals and advisors.

NOW THEREFORE, BE IT RESOLVED, that the Corporation be, and hereby is, authorized to file or cause to be filed a chapter 11 case (the "Chapter 11 Case") under the provisions of the Bankruptcy Code in the Bankruptcy Court; and be it further

RESOLVED, that Robert Novak be, and hereby is, appointed as Chief Restructuring Officer to act on behalf of the Corporation; and be it further

RESOLVED, that each officer of the Corporation, including Robert Novak and each of their respective designees and delegates (collectively, the "Authorized Officers"), acting alone or with one or more Authorized Officers, be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Corporation to execute, verify, and cause to be filed all petitions, schedules, lists, motions, applications, pleadings and other papers or documents, necessary to commence a case and obtain relief under the Bankruptcy Code, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor, to obtain debtor in possession financing, and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Corporation's Chapter 11 Case, with a view to the successful prosecution of such case.

**RETENTION OF PROFESSIONALS**

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to employ the law firm of Jackson Kelly PLLC as general bankruptcy counsel to represent and assist the Corporation in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and be it further

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to employ the law firm of Potter Anderson & Corroon LLP as local bankruptcy counsel to represent and assist the Corporation in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and be it further

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to employ BDO USA LLP as restructuring advisor and to provide management services to the Corporation, subject to any requisite Bankruptcy Court approval; and be it further

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to employ Lang Lasalle Americas, Inc. to market and sell assets related to the dock facility owned by Millennium Bulk Terminals-Longview, LLC; and be it further

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to employ Energy Ventures Analysis to market and sell coal mining assets; and be it further

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to employ Stretto as claims and noticing agent and administrative agent for the Corporation in the Chapter 11 Case, subject to any requisite approval of the Bankruptcy Court; and be it further

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and be it further

RESOLVED, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Corporation, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of each of the forgoing professionals and advisors, and any other professionals or advisors as such Authorized Officer deems necessary, appropriate or desirable; and be it further

RESOLVED, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Corporation, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, in connection therewith employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Corporation's Chapter 11 Case, with a view to the successful prosecution of this case.

### DIP FINANCING

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors and other parties-in-interest, taken as a whole, that the Corporation obtain the use of cash collateral and post-petition financing.

NOW THEREFORE, BE IT RESOLVED, that each Authorized Officer, and any employee or agent (including counsel) designated by or directed by such Authorized Officer, be and hereby is, authorized, empowered and directed, on behalf of and in the name of the Corporation, to negotiate and obtain the use of cash collateral and post-petition financing and to enter into and execute any financing or cash collateral agreement and all documents ancillary thereto on terms and conditions as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

### SALE OF ASSETS

WHEREAS, in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, stockholders, and other parties-in-interest, taken as a whole, that the Corporation sell substantially all of its assets to a purchaser pursuant to section 363 of the Bankruptcy Code.

NOW THEREFORE, BE IT RESOLVED, that each Authorized Officer and any employee or agent (including counsel) designated by or directed by such Authorized Officer be, and hereby is, authorized, empowered and directed, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such further actions, and to execute, and deliver any asset purchase agreement or similar document and any and all such ancillary agreements, certificates, instruments and other documents, as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

### RESTRUCTURING SUPPORT AGREEMENT

WHEREAS, the Board has reviewed a term sheet (the "Term Sheet") that sets forth the material terms of a restructuring support agreement to be entered into in connection with the Chapter 11 Case; and

WHEREAS, in the judgment of the Board, it is advisable and in the best interests of the Corporation, its creditors, stockholders, and other parties-in-interest, taken as a whole, that the Corporation enter into a restructuring support agreement substantially on the terms set forth in the Term Sheet;

NOW THEREFORE, BE IT RESOLVED, that the Board hereby authorizes and directs the Authorized Officers to negotiate, finalize and execute the restructuring support agreement substantially on the terms set forth in the Term Sheet (the "Restructuring Support Agreement"); and be it further

RESOLVED, that each Authorized Officer shall be, and hereby is, authorized and empowered to make such changes or additions to the Restructuring Support Agreement as such Authorized Officer, in his or her sole discretion, may deem necessary, appropriate or advisable, and the execution and delivery of the Restructuring Support Agreement by such Authorized Officer with any such changes or additions thereto being conclusive evidence that such Authorized Officer deemed such changes or additions to be necessary, appropriate or advisable; and be it further

RESOLVED, the Corporation is hereby authorized, and the Authorized Officers shall be, and hereby are, authorized, empowered and directed on behalf of and in the name of the Corporation, in consultation with the Corporation's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Case, and that the Corporation's execution of, and performance of its obligations under, the Restructuring Support Agreement (any such other agreements, documents, or certificates) hereby is, in all respects, authorized and approved.

**GENERAL**

RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officers and the employees or agents (including counsel) designated by or directed by any Authorized Officer, each Authorized Officer and any employee or agent (including counsel) designated by or directed by such Authorized Officer be, and hereby is, authorized, empowered and directed, in the name of and behalf of the Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such further agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or hereby waives any right to receive such notice; and be it further

RESOLVED, that all actions taken by any Authorized Officer to carry out the purposes and intent of the foregoing resolutions prior to their adoption be, and hereby are, approved, ratified and confirmed; and be it further

RESOLVED, that each Authorized Officer be, and hereby is, authorized, empowered and directed to take all actions, or to not take any action in the name of the Corporation, with respect to the transactions contemplated by these resolutions, as such Authorized Officer shall deem

necessary, appropriate or desirable in such Authorized Officer's reasonable business judgment to effectuate the purposes of the transactions contemplated herein; and be it further

RESOLVED, that this consent may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same consent.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
TJ Mangold

_____
Denis Horgan

_____
Everett King

_____
Geraldine Knatz

_____
Robert Stan

Being all of the directors of:

Lighthouse Resources Inc.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
TJ Mangold

_____
Denis Horgan

_____
Everett King

_____
Geraldine Knatz

_____
Robert Stan

Being all of the directors of:

Lighthouse Resources Inc.

6

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
TJ Mangold

_____
Denis Horgan

_____
Everett King

_____
Geraldine Knatz

_____
Robert Stan

Being all of the directors of:

Lighthouse Resources Inc.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
TJ Mangold

_____
Denis Horgan

_____
Everett King

_____
Geraldine Knatz

_____
Robert Stan

Being all of the directors of:

Lighthouse Resources Inc.

6

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

_____
TJ Mangold


_____
Denis Horgan


_____
Everett King


_____
Geraldine Knatz


_____
Robert Stan


Being all of the directors of:

Lighthouse Resources Inc.

6

---

**Fill in this information to identify the case:**

Debtor name Lighthouse Resources Inc. _____

United States Bankruptcy Court for the: _____ District of DE
                                                        (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

---

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Big Horn County Treasurer 121 W. 3rd Street Room 203, Hardin, MT 59034-0908 | Denise Rios 406.665.9837 drios@bighorncountymt.gov | Government Contracts | N | | | $6,196,490 |
| 2 | Montana Department of Revenue PO Box 5805 Helena, MT 59604-5805 | 406.444.6900 dorcustomerassistance@mt.gov | Government Contracts | N | | | $4,484,001 |
| 3 | Office of Natural Resources Rev PO Box 25065, Denver Federal Center, Denver, CO 80225-0065 | 1.800.433.9801 x3668 Rebecca Dyess 303.231.3322 Rebecca.Dyess@onrr.gov | Government Contracts | N | | | $3,295,076 |
| 4 | ICF Jones & Stokes, Inc. PO Box 775367 Chicago, IL 60677-5367 | Zeeshawn Amin 206.801.2800 zeeshawn.Amin@icf.com | Professional Services | N | | | $1,802,873 |
| 5 | RCF Mgmt Invoices 1400 Sixteenth Street Ste 200, Denver, CO 80202 | Ross Bhappu 720.946.1444 rbhappu@rcflp.com | Lender/Owner | N | | | $1,263,940 |
| 6 | Department of the Treasury Internal Revenue Service Ogden, UT 84201-0009 | None | Black Lung Tax | N | | | $404,254 |
| 7 | Anchor QEA 1202 3rd Ave, Suite 2600 Seattle, WA 98101 | Kendra Skellenger 503.924.6179 kskellenger@anchorqea.com | Professional Services | N | | | $346,536 |
| 8 | Cowlitz County Treasurer 207 N. 4th Ave, Room 202 Kelso, WA 98626 | Tracy McDaniel 360.577.3060 McDaniel.Tracy@co.cowlitz. | Property Taxes | N | | | $218,161 |

Debtor    Lighthouse Resources Inc. _____    Case number (*if known*) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Stoel Rives LLP 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205 | Tom Newlon 800.305.8453 accountsreceivable@stoel.com | Professional Services | N | | | $213,228 |
| 10 | Holmes Family Limited Partnership Royalties 1099 Carrara Court | Shelly Holmes 307.751.4459 Sdholmes2@msn.com | Royalty | N | | | $179,226 |
| 11 | Venable LLP PO Box 62727 Baltimore, MD 21264-2727 | Danielle Pace 410.528.2805 DPace@Venable.com | Professional Services | N | | | $165,050 |
| 12 | Buckley Powder Co. PO Box 17532 Denver, CO 80217-0532 | Kim Frazer 303.350.5128 | Trade Debts | N | | | $137,897 |
| 13 | Carlile Enterprises, Inc. 3336 Daybreaker Drive Park City, UT 84098 | David Carlile 435.513.3163 d.carlile@lhr-inc.com | Professional Services | N | | | $110,000 |
| 14 | Terra Hydr PO Box 3616 Portland, OR 97208 | 503.612.9200 | Professional Services | N | | | $107,283 |
| 15 | Interstate Power Systems, Inc. 1140 Main Street Billing, MT 59107 | 1.800.823.4334 | Trade Debts | N | | | $105,528 |
| 16 | NMV International, LLC 20308 Watermill Road Purcellville, VA 20132 | Mel Richmond mel.richmond@newmagellan.com | Professional Services | N | | | $100,000 |
| 17 | Arnold Machinery Company 10766 So Highway 59 Gillette, WY 82718 | Don Darling 800.972.400 x0929 ddarling@arnoldmachinery.com | Trade Debts | N | | | $79,960 |
| 18 | KOMATSU EQUIPMENT COMPANY 1486 South Distribution Dr., Salt Lake City, UT 84104 | Robert Richens 801.952.4739 Robert.richens@komatsuna.com | Trade Debts | N | | | $77,019 |
| 19 | Grette Associates 151 S. Worthen Street, Suite 101 Wenatchee, WA 98801 | 509.663.6300 | Professional Services | N | | | $73,646 |
| 20 | Davis, Graham & Stubbs, LLP 1550 17th Street Ste 500 Denver, CO 80202 | Susanne Joslin 303.892.7593 susanne.joslin@dgslaw.com | Professional Services | N | | | $65,395 |

Debtor    Lighthouse Resources Inc.                          Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Equipment Maintenance Service 3382 Bird Drive Gillette, WY 82718 | Laurie Wasson 307.682.8773 Laurie.wasson@sulzer.com | Trade Debts | N | | | $63,634 |
| 22 | Story Partners 1000 Potomac Street, NW, Suite 102, Washington DC, 20007 | Debra Cabral 202.706.7800 Debra.Cabral@Storypartners DC.com | Professional Services | N | | | $60,615 |
| 23 | Department of Ecology- Wastewater Permit PO Box 47611 Olympia, WA 98504-7611 | 800.633.6193 Wqfee_unit@ecy.wa.gov | Regulatory Agency/ Wastewater Permit | N | | | $58,900 |
| 24 | National Environmental Strategies, Inc. 2600 Virginia Avenue NW Suite 505 | Madonna Mitchell 202.333.2524 Madonna_mitchell@nes-dc.com | Professional Services | N | | | $50,905 |
| 25 | Esco Corporation 14785 Collections Center Drive, Chicago, IL 60693 | LeAnn Wilson 307.277.6741 Leann.Wilson@mail.weir | Trade Debts | N | | | $49,829 |
| 26 | Montana Dept of Environmental PO Box 200901 Helena, MT 59620-0901 | Matthew Dorrington 406.444.4967 Matthew.dorrington@mt.gov | Government Contracts | N | | | $42,210 |
| 27 | Rimpull Corporation PO Box 748 Olathe, KS 66051-0748 | 913.782.4000 | Trade Debts | N | | | $41,741 |
| 28 | Weston Strategic, LLC 679 Heald Road Weston, WY 82731 | Wendy Hutchinson 360.560.9333 w.hutchinson@lhr-inc.com | Trade Debts | N | | | $41,650 |
| 29 | Cypress Advisory, LLC 1028 33rd Street NW Washington, DC 20007 | Paige Weinstein 202.337.1661 paige@cypressgroupdc.com | Professional Services | N | | | $40,000 |
| 30 | Kiewit Royalty Trust Trust Division, US Bank National Association 1700 Farnam Street Omaha, Nebraska 68102 | 402.536.5100 | Royalty | N | | | $36,926 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTHOUSE RESOURCES INC., *et al.*,[1] | ) | Case No. _____ |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED STATEMENT OF CORPORATE OWNERSHIP

Pursuant to rules 1007(a) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Lighthouse Resources Inc. ("Lighthouse") and its affiliated debtors and debtors in possession (the "Debtors") respectfully represent as follows:

- Lead-Debtor Lighthouse is the ultimate parent of all debtor entities and provides centralized management and administrative services for the Debtors.

- Lighthouse owns 100% of the equity interests in LHR Coal, LLC ("LHR Coal").

- LHR Coal owns 100% of the equity interests of Decker Holding Co., LLC ("Decker Holding").

- Decker Holding owns 100% of the equity interests in Decker Coal Company, LLC and Montana Royalty Holdings, LLC.

- LHR Coal owns 100% of the equity interests in Big Horn Coal Company and Rosebud Coal Sales Company.

- LHR Coal owns 100% of KCP Properties, Inc. and KCP, Inc.

- Lighthouse owns 100% of the equity interests in LHR Infrastructure, LLC ("LHR Infrastructure").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Lighthouse Resources Inc. (4713), LHR Coal, LLC (4799), KCP, Inc. (2558), Big Horn Coal Company (7087), Rosebud Coal Sales Company (9016), KCP Properties, Inc. (8372), Decker Holding Co., LLC (8881), Decker Coal Company, LLC (3731), Montana Royalty Holdings, LLC (1107), LHR Infrastructure, LLC (9619), Millennium Bulk Terminals-Longview, LLC (0354), Barlow Point Land Company, LLC (1398), Columbia Land Co., LLC (6826), and Gulf States Bulk Terminal, LLC (5870). The location of the Debtors' service address in these chapter 11 cases is 10980 South Jordan Gateway, South Jordan, Utah 84095.

- LHR Infrastructure owns 100% of the equity interests in Millennium Bulk Terminals-Longview, LLC ("<u>MBTL</u>") and Gulf State Bulk Terminal.

- MBTL owns 100% of the equity interests in of Barlow Point Land Company, LLC and Columbia Land Co., LLC.

- Lighthouse owns 100% of the equity interests in non-Debtor Lighthouse Products LLC.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTHOUSE RESOURCES INC., *et al.*,[1] | ) | Case No. _____ |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### LIST OF EQUITY HOLDERS[2]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct ownership interest in the above-captioned debtor and debtor in possession:

| Name | Last Known Address | Kind/Class of Interest | Number of Interests Held |
|---|---|---|---|
| Resource Capital Fund V L.P. | Suite 200, 1400 Sixteenth Street, Denver, Colorado, 80202 | Class A Common Stock | 2,693,973 |
| Resource Capital Fund VI L.P. | Suite 200, 1400 Sixteenth Street, Denver, Colorado, 80202, | Class A Common Stock | 1,316,630 |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Lighthouse Resources Inc. (4713), LHR Coal, LLC (4799), KCP, Inc. (2558), Big Horn Coal Company (7087), Rosebud Coal Sales Company (9016), KCP Properties, Inc. (8372), Decker Holding Co., LLC (8881), Decker Coal Company, LLC (3731), Montana Royalty Holdings, LLC (1107), LHR Infrastructure, LLC (9619), Millennium Bulk Terminals-Longview, LLC (0354), Barlow Point Land Company, LLC (1398), Columbia Land Co., LLC (6826), and Gulf States Bulk Terminal, LLC (5870).  The location of the Debtors' service address in these chapter 11 cases is 10980 South Jordan Gateway, South Jordan, Utah 84095.

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 cases.

| RCF V Annex Fund, L.P. | Suite 200, 1400 Sixteenth Street, Denver, Colorado, 80202 | Class A Common Stock | 22,352 |
|---|---|---|---|
| AE Minerals Pty Ltd. | c/- Crowe Horwath, Level 16, 120 Edward Street, Brisbane, Queensland, 4000, Australia | Class B Non-Voting Convertible Common Stock | 350,691 |

2

**Fill in this information to identify the case and this filing:**

Debtor Name ___Lighthouse Resources Inc.___

United States Bankruptcy Court for the: _____ District of ___Delaware___
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration___Statement of Corporate Ownership/List of Equity Holders___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___12/03/2020___          ✗ ___/s/ Darin T. Adlard___
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

___Darin T. Adlard___
Printed name

___Vice President of Finance, Lighthouse Resources Inc.___
Position or relationship to debtor